MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eriberto Penaloza, | No. CV 1-08-341-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| State of California, et al., | |
| Defendants. | |

Plaintiff Eriberto Penaloza, who is confined in the Kern Valley State Prison in Delano, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 25, 2008. The Court will dismiss the Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL-K

1  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
2  (*en banc*).

3  The Court should not, however, advise the litigant how to cure the defects.  This type
4  of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.
5  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
6  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint
7  will be dismissed for failure to state a claim, with leave to amend because the Complaint may
8  possibly be saved by amendment.

9  **II.    Complaint**

10  In his two-count Complaint, Plaintiff sues Defendants State of California, California
11  Department of Corrections and Rehabilitation (CDCR), Correctional Officer M. Stallworth,
12  and Does 1-100.

13  Plaintiff alleges that Defendant Stallworth allowed another inmate into Plaintiff's cell
14  in September 2000, the inmate assaulted Plaintiff, and Plaintiff was injured.  Plaintiff claims
15  that "Defendant Does 1 through 100, inclusive" did not treat Plaintiff's injuries after they
16  occurred, did not provide treatment for his eye injuries over the intervening eight years, and
17  did not provide any treatment for his nasal injuries until 2006.

18  In Count One, Plaintiff asserts that he was deprived of his constitutional rights by "the
19  conduct of Defendant Stallworth, and Does 1 through 100, inclusive."  Plaintiff also asserts
20  that Does 1-100's delay or denial of medical treatment was discriminatorily motivated by the
21  fact that Plaintiff is a Mexican National.  In Count Two, Plaintiff alleges that he was
22  subjected to the intentional infliction of emotional distress.

23  Plaintiff demands a jury trial and seeks monetary damages, injunctive relief, attorney's
24  fees, and his costs of suit.

25  **III.   Failure to State a Claim**

26  **A.    State of California and CDCR**

27  The State of California and CDCR are not a proper Defendants.  Under the Eleventh
28  Amendment to the Constitution of the United States, a state or state agency may not be sued

in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the . . . Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendants State of California and CDCR.

### B.   Defendant Stallworth

In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). See also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

In a § 1983 action, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007). The California statute of limitations for personal injury actions is two years. Id.; Cal. Civ. P. Code § 335.1.

Plaintiff filed his Complaint on March 10, 2008. Therefore, for this civil rights action to be timely, Plaintiff's claim must have accrued no earlier than March 10, 2006, two years before he filed his Complaint. See Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) ("[A] claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" (quoting Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994))); see also Action Apartment Ass'n, Inc., 509 F.3d at 1026-27. Defendant Stallworth's acts occurred in September 2000, his injuries arose in September 2000, and Plaintiff knew in September 2000 that Defendant Stallworth was the individual who had let the inmate into Plaintiff's cell. Plaintiff's claim against Defendant Stallworth, therefore, is untimely. Thus, the Court will dismiss Defendant Stallworth.

### C.   Doe Defendants

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.

1    Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,
2    a liberal interpretation of a civil rights complaint may not supply essential elements of the
3    claim that were not initially pled.  Id.

4    To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
5    injury as a result of specific conduct of a defendant and show an affirmative link between the
6    injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
7    (1976).

8    Plaintiff has not alleged specific conduct by any particular Doe Defendant; Plaintiff
9    has proffered only vague and conclusory allegations that Defendants Does 1-100 collectively
10   have violated his constitutional rights.  This is insufficient.  Moreover, Rule 10(a) of the
11   Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in
12   the action.  As a practical matter, it is impossible in most instances for the United States
13   Marshal or his designee to serve a summons and complaint on an unidentified defendant.

14   Therefore, the Court will dismiss Defendants Does 1-100.

15   **IV.    Leave to Amend**

16   For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
17   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
18   amended complaint on the form provided with this Order.  If Plaintiff fails to use the form
19   provided with this Order, the Court may strike the amended complaint and dismiss this action
20   without further notice to Plaintiff.

21   Plaintiff must clearly designate on the face of the document that it is the "First
22   Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
23   on the form provided with this Order and may not incorporate any part of the original
24   Complaint by reference.

25   Plaintiff must comply with the instructions provided with the form.  Plaintiff should
26   pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
27   with the instructions provided with the form, the Court may strike the amended complaint
28   and dismiss this action without further notice to Plaintiff.

1   Among other requirements contained in the instructions, Plaintiff is advised that the
2  instructions require him to provide information regarding the Court's jurisdiction, provide
3  information about the defendants, and divide his lawsuit into separate counts. In each count,
4  Plaintiff must identify what federal constitutional civil right was violated, identify the issue
5  most closely involved in that count, state which defendants violated that right and what those
6  defendants did to violate that right, explain how Plaintiff was injured by the alleged violation
7  of the constitutional right, and identify whether Plaintiff has exhausted any available
8  administrative remedies. Plaintiff must repeat this process for each civil right that was
9  violated. Plaintiff may allege only one claim per count.

10   A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
11 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
12 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
13 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
14 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
15 565, 567 (9th Cir. 1987).

**V.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the

1   dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
2   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
3   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
4   occasions, while incarcerated or detained in any facility, brought an action or appeal in a
5   court of the United States that was dismissed on the grounds that it is frivolous, malicious,
6   or fails to state a claim upon which relief may be granted, unless the prisoner is under
7   imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 12th day of February, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

JDDL-K

- 6 -